FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiff
APARTMENT ASSOCIATION
OF GREATER LOS ANGELES,
in its representative capacity
on behalf of its association
members; ROGER HUANG,
General Partner on behalf
of HYW Limited Partnership

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members; ROGER HUANG, General Partner on behalf of HYW Limited Partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF**<br><br>[Violation of Federal Civil Rights - 42 U.S.C. Section 1983]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs APARTMENT ASSOCIATION OF GREATER LOS ANGELES and ROGER HUANG, General Partner on behalf of HYW Limited Partnership ("Plaintiffs," or "AAGLA," or "HYW") hereby files the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the First, Fourth, Fifth, and Fourteenth Amendments, and the Contract Clause under Article I of the United States Constitution, involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES ("Defendant" or "City"), is a public entity in this District and the claims arose in this District.

## PARTIES

3. AAGLA is Southern California's leading advocate for affordable quality housing whose principal place of business is 621 Westmoreland Avenue, Los Angeles, CA 90005. HYW is a limited partnership duly formed and existing under the laws of the State of California and is a member of AAGLA.

4. The City is a municipal corporation formed and operating under its local charter and the laws of the State of California.

2

5. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

6. AAGLA is a trade association that is over 100 years old and is Southern California's leading advocate for affordable quality housing.

7. AAGLA's members consist of apartment owners.

8. AAGLA was founded to provide education and information to its members.

9. AAGLA advocates to protect the rights of its members and it also promotes fair housing policies and the use of best practices in the property housing and rental management industry which benefits the public and municipal and state governments.

10. AAGLA'S members own properties that are zoned and classified by the City as being subject to the Rent Stabilization Ordinance ("RSO"). AAGLA brings this action in its representative capacity on behalf of its members. HYW is a member of AAGLA and owns and

operates an apartment building subject to the RSO.

11. The RSO requires that a property owner or operator not raise rents annually on tenants beyond a certain percentage of the rent per year.

12. On September 27, 2016, the City passed and adopted Ordinance No. 184529 ("Ordinance"), amending the RSO to require that a property owner subject to the RSO, as a condition of obtaining a rental registration statement ("RRS") from the City permitting a property owner to rent units in the City, provide to the City, beginning January 1, 2017, without consent of the property owner, or consent of the property owner's tenants, or a court order as required under the Fourth Amendment of the United States Constitution, a list of tenant rental information for each unit rented including the name of the tenant and the amount of rent charged.

13. The information required to be given to the City as alleged in paragraph 12 is in effect a condition of licensing in that starting in year 2018 the City will not issue a property owner a RRS unless such sensitive business information is divulged to the City.

14. The City has issued to AAGLA'S members, as it has to every other property owner and operator subject to the RSO, a provisional RRS, permitting the renting of units to tenants for 2017 only and without conditioning the giving to the City of the business information in order to issue the RRS.

15. AAGLA's members' tenants also have a fundamental liberty and property interest that protects their privacy under the California Constitution that is a "state created" liberty and property interest incorporated and protected under the Due Process Clause of the Fourteenth

4

Amendment of the United States Constitution.

16. The Ordinance in requiring that AAGLA'S members divulge their tenant's sensitive rental information without requiring notice and consent from the tenants or a court order infringes on their tenants fundamental privacy rights protected under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and subjects AAGLA'S members to liability from such tenants both under state and federal law.

17. In addition, the Ordinance requires that the tenant rental information be provided to the City by the property owner as a condition of obtaining the RRS, under the City's municipal code a violation of any ordinance carries with it an additional threat of civil and criminal penalties.

18. On December 25, 2017, AAGLA filed a federal civil rights suit in this court, on behalf of its members which includes HYW, under 42 U.S.C. Section 1983 challenging the Ordinance on constitutional grounds. The City filed an Answer to the First Amended Complaint on March 12, 2018 and the case is still pending. The case is entitled <u>Apartment Association of Greater Los Angeles v City of Los Angeles</u>, USDC Case No. Cv17-09306-DMG(JCx) ("Federal Case 1").

19. Subsequent to the filing of Federal Case 1, in late 2018, the City sent HYW, but not AAGLA or its other members, a letter informing it that it had failed to obtain a RRS under the Ordinance and that it could apply to appeal such alleged failure.

20. HYW then filed a timely appeal of the City's letter on October 29, 2018 informing the City that it was a member of AAGLA and a party plaintiff as a member of AAGLA in federal case 1 and raised the same constitutional objections to the Ordinance as it raises in

Federal Case 1 under the Fourth Amendment of the United States Constitution, and in addition raised constitutional objections to the Ordinance under not only the Fourth Amendment but also the Fifth Amendment, and the Fourteenth Amendment's Due Process Clause and Equal Protection Clause and under the Contract Clause under Article I of the United States Constitution.

21. The City responded by sending HYW a letter informing it that it's applicvation to appeal the alleged failure to obtain an RRS by completing the Rent Registry Form under the ordinance was denied as Los Angeles Municipal Code Section 151.05J requires a landlord to submit a Rent Registry Form to the City every year along with payment of the annual rent regiostration fees in order to complete the registration process. The letter went on to state if no Rent Registration Form is submitted, then the RRS will not be issued.

22. The City's letter referred to in paragraph 21 above further went on to state that this was a final administrative decision with no further appeals. No hearing was conducted by the City relative to the alleal and the letter was the only response HYW received to its appeal. The City's letter to HYW failed to be signed under penalty of perjury as to its mailing date and further failed to inform HYW of its right to appeal the decision to a court of competent jurisdiction under the requirements of <u>California Code of Civil Procedure</u> Section 1094.6.

23. In this suit, AAGLA sues on behalf of its members, including for HYW, for declaratory and injunctive relief only and HYW also sues for its damages and for such actions subsequent to Federal Case 1 only.

Based on the above facts, Plaintiff alleges the following claims:

## FIRST CLAIM FOR RELIEF

**(Violation of Civil Rights Under 42 U.S.C Section 1983 by All Plaintiffs Against All Defendants)**

24. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 23, and all its subparts, inclusive, as set forth hereinabove.

25. Plaintiffs are informed and believe, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

26. Plaintiffs further are informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-23 above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of Plaintiffs, in particular its individual rights under the First and Fourteenth Amendments of the United States Constitution Petition Clause, the Fourth and Fourteenth Amendments of the United States Constitution Search and Seizure Clause, to be free from to be free from an unreasonable search and seizure of its property, both on its face under the Ordinance and as applied to Plaintiffs; and further violates under the Fourth Amendment by imposing under the Ordinance, on its face and as applied to Plaintiffs, an unconstitutional condition and restriction on its licensing and renting of property in violation of the Fourth Amendment; the Fifth and Fourteenth Amendments of the United States Constitution Takings

Clause, to be free from to and the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Contract Clause under Article I of .the United States Constitution in that similarly situated property owners and operators whose properties are not zoned and classified as subject to the RSO, such as hotels and motels, have not, and are not, being treated by the City as AAGLA'S members are under the restrictions of the Ordinance and members of AAGLA were treated differently as to the application to appeal the alleged failure to obtain a RRS and to complete the Rent Registry Form set forth in paragraphs 19-22.

27. The City's actions described in paragraphs 1-23 above were done pursuant to official policy, custom, or practice of the City.

28. As a proximate result of the foregoing acts of defendants, and each of them, AAGLA'S members are threatened to suffer extreme hardship and damages, which damages include, but is not limited to, economic damages on behalf of HYW, and entitling AAGLA suing on behalf of its members, including HYW, to appropriate declaratory and injunctive relief against all the defendants, and to its reasonable attorneys fees under 42 U.S.C. section 1988.

## SECOND CLAIM FOR RELIEF

### (Violation of California Government Code Section 65009 by All Plaintiffs against All Defendants)

29. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1-28, and all its subparts, inclusive, as set forth hereinabove.

30. Plaintriffs' equitable state remedy in seeking review of the City's decision in adopting the decision to not issue the RRS as alleged in paragraphs 19-22 is to seek mandamus review by way of this petition under California Code of Civil Procedure Section 1094.5.

31. The City violated its duties under both state law and federal law as alleged above, and specifically although not limited to, violated Plaintiffs rights not issuing the letters to appeal the non-suuance of the RRS to other AAGLA members other than HYW, and by not conducting a hearing to HYW and issuing it a RRS.

32. By failing to give the required notice as set forth in California Code of Civil Procedure Section 1094.6, as alleged in paragraph 22, Plaintiffs filing of this petition for writ of mandate is tolled although this claim is still being filed timely under California Code of Civil Procedure Section 1094.6, although this petition is filed also within 90 days of the City's decision to deny the appeal..

33. . Pullman abstention is inappropriate as Plaintiffs are entitled under U.S. Supreme Court case law in England v Louisiana State Board of Medical Examiners, 375 U.S. 411 (1984) to file an England reservation that prevents preclusion of all the federal claims and,

9

in addition, the petition under California Code of Civil Procedure Section 1094.5 is not given any preclusive effect by the Ninth Circuit as to plaintiffs' 42 U.S.C. Section 1983 claims.

### THIRD CLAIM FOR RELIEF

### (Petition for Writ of Mandate by

### All Plaintiffs against All Defendants)

34. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1-33, and all its subparts, inclusive, as set forth hereinabove.

35. Plaintriffs' alternative equitable state remedy to the second claim for relief in seeking review of the City's decision in adopting the decision to not issue the RRS as alleged in paragraphs 1-33 is to seek review by way of this claim for relief under California Government Code Section 65009..

36. The City violated its duties under both state law and federal law as alleged above, and specifically although not limited to, violated Plaintiffs rights not issuing the letters to appeal the non-suuance of the RRS to other AAGLA members other than HYW, and by not conducting a hearing to HYW and issuing it a RRS.

37. By failing to give the required notice as set forth in California Code of Civil Procedure Section 1094.6, and under California Government Code Section 65009, Plaintiffs filing of this claim for relief is tolled although this claim is still being filed timely under California Government Code Section 65009, although this claim for relief is filed also within 90 days of the City's decision to deny the appeal.

38. . Pullman abstention is inappropriate as Plaintiffs are entitled under U.S. Supreme Court case law in England v Louisiana State Board of Medical Examiners, 375 U.S. 411 (1984) to file an England reservation that prevents preclusion of all the federal claims and, in addition, the petition under California Code of Civil Procedure Section 1094.5 is not given any preclusive effect by the Ninth Circuit as to plaintiffs' 42 U.S.C. Section 1983 claims.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial;

2. For declaratory and injuntive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

**SECOND CLAIM FOR RELIEF**

4. For such equitable relief as alleged in such claim;

**THIRD CLAIM FOR RELIEF**

5. For such equitable relief as alleged in such claim;

**FOR ALL CLAIMS FOR RELIEF**

6. For costs of suit; and

11

7. For such other and further relief as the Court deems just and proper.

DATED: February 25, 2019

LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for Plaintiffs APARTMENT ASSOCIATION OF GREATER LOS ANGELES and ROGER HUANG, General Partner on behalf of HYW Limited Partnership

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: February 25, 2019

LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for Plaintiffs APARTMENT ASSOCIATION OF GREATER LOS ANGELES and ROGER HUANG, General Partner on behalf of HYW Limited Partnership